Ryan F. Thomas, Esq. (SBN 230491)
Roy N. Johnston, Esq. (SBN 185409)
Natalie M. Jansen, Esq. (SBN 286401)
JOHNSTON | THOMAS, Attorneys at law
1400 North Dutton Avenue, Suite 21
Santa Rosa, California 95401
Phone: (707) 545-6542
Facsimile: (707) 545-1522

Attorney for Plaintiff
DAEMEON REIYDELLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAEMEON REIYDELLE, an individual, and as executor of Estate of Billie Reiydelle<br><br>       Plaintiff,<br><br>   v.<br><br>J.P. MORGAN CHASE BANK, N.A. a Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: C 12-6543 JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Jury Trial Demand |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

   In spring 2011, Plaintiff DAEMEON REIYDELLE ("Plaintiff") and Defendant J.P. MORGAN CHASE BANK, N.A. ("Defendant") embarked on a series of communications concerning the modification of Plaintiff's home loan. The product of these communications was two-pronged: (1) enrollment of Plaintiff into a Trial Payment Plan ("TPP"); and (2) if Plaintiff completed the TPP, Defendant would permanently modify Plaintiff's loan on terms that would not

-1-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1 differ substantially from the terms of the TPP.

2 Plaintiff successfully completed the TPP. However, when Plaintiff received the final loan 3 modification agreement, the proposed terms were substantially different that those of the TPP. 4 Namely, the final loan modification agreement included a sizeable balloon payment due at the end 5 of the loan term.

6 Defendants filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 7 12 (b)(6) ("Motion"). As is more fully set forth herein, Plaintiff's First Amended Complaint 8 ("FAC") adequately states each of its claims, placing Defendant on fair notice of the basis of 9 Plaintiff's claim and the ground upon which it rests. Since the FAC satisfies the well-settled 10 pleading standards of the FRCP, Defendant's Motion should be denied in its entirety.

## II. STANDARD OF REVIEW ON A RULE 12(b)(6) MOTION

12 A Rule 12 (b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 13 729, 731 (9th Cir. 2001). In reviewing a motion to dismiss, the court may not generally consider 14 materials outside the pleadings. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). 15 The allegations in a complaint need only give the defendant fair notice of what the claim is and the 16 ground upon which it rests. *Erickson v. Pardus,* 551 U.S. 89 (2007). A "plaintiff need only plead 17 'enough facts to raise a reasonable expectation that discovery will reveal evidence.'" *Padilla v. Yoo,* 18 633 F. Supp. 2d 1005, 1019 (N.D. Cal. 2009), quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 19 (2007). Thus, a dismissal pursuant to Rule 12 (b)(6) is only appropriate when it appears beyond 20 doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to 21 relief. *Id.* at 732. In making such an evaluation, the court must liberally construe the complaint, 22 assuming the facts alleged therein as true and drawing all reasonably inferences from those facts in 23 plaintiff's favor. *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

## III. ARGUMENT

A. <u>Plaintiff Has Stated a Claim for Breach of Oral Contract</u>

26 Plaintiff concedes the elements necessary to state a claim for breach of contract as cited in 27 Defendant's Motion. Defendant contends that the TPP between it and Plaintiff was not an 28 agreement to permanently modify the loan. Defendant's contentions are misplaced.

1. <u>The TPP Between Plaintiff and Defendant Is An Enforceable Contract</u>

Contrary to Defendant's contentions, courts have consistently held that modification agreements, including those similar to the Trial Period Plan in this case, may be an enforceable agreement to modify a loan. *Ansanelli et al. v. JPMorgan Chase Bank, N.A. et al.*, No. C 10-03892 WHA, 2011 U.S. Dist. LEXIS 32350 (N.D. Cal. March 2011); *Robinson v. Bank of America,* 12-CV-00494 RMW 2012 U.S. Dist. LEXIS 74212 (N.D. Cal. 2012). In *Ansanelli,* JPMorgan Chase Bank ("Chase") enrolled the plaintiff in a trial period plan with assurances that if all three payments were made on time, it would permanently modify plaintiff's loan. Although Ansanelli asked for written copies of the trial period plan, Chase never provided one. After Ansanelli made all three trial period plan payments, Chase denied the permanent loan modification. Ansanelli brought suit alleging breach of contract.

Predictably, Chase moved to dismiss Ansanelli's claims on the grounds that the trial period plan agreement was not in writing. The court denied Chase's 12(b)(6) motion even though the trial period plan was not in writing. The court concluded that there were sufficient allegations to withstand a motion to dismiss because (1) there was consideration for the trial plan payments; (2) Chase benefitted from the trial plan payments; and (3) plaintiff spent time and energy making financial disclosures in support of the trial plan payments. *Ansanelli,* at *5-7.

Just two months ago, the First District Court of Appeals reversed a grant of summary judgment, including breach of contract claims, in favor of the defendant in *Jolley v. Chase Home Finance LLC et al.,* No. CIV 1002039, 2013 Cal. App. LEXIS 176 (Cal. Ct. App. March 7, 2013). *Jolley,* like this case, was characterized by extensive communications between Jolley and representatives of Chase Home Finance, including statements that there was a "high probability" that Chase "would be able to modify the loan…" *Jolley,* at *5. In reversing summary judgment, the First District concluded that the "numerous" oral assertions and suggestions made by Chase representatives to the Plaintiff that a loan modification was forthcoming and would contain certain terms created issues of triable fact as to whether Chase has potential liability for its own conduct. *Jolley*, at *25.

Finally, less than two weeks after *Jolley,* the Fourth District Court of Appeals reached an even

more comprehensive holding concerning the contractual applicability of a trial period plan. In *West v. JPMorgan Chase Bank,* 214 Cal. App. 4th 780, 799 (4th Dist. March 18, 2013), the plaintiff was enrolled in a trial period plan. After successful completion, JPMorgan Chase Bank denied a permanent loan modification. Plaintiff brought suit for breach of contract. The trial court sustained defendant's demurrer, but the Court of Appeals reversed the trial court decision. In so doing, the Court of Appeals concluded that "…when a borrower complies with all the terms of a TPP, and the borrower's representations remain true and correct, the loan servicer must offer the borrower a permanent loan modification." Thus, the terms of the TPP constituted a valid, enforceable contract between Plaintiff and Defendant.

Defendant's Motion cleverly sidesteps any citation or analysis to *Ansanelli, Jolley,* and *West* even though these three cases are the most germane to this Motion because they involve the same defendant. Taking guidance from *Ansanelli, Jolley,* and *West,* this Court should also conclude that Plaintiff's breach of contract claim is not capable of disposition through a motion to dismiss. On numerous instances, Defendant promised that the terms of the final loan modification would not vary significantly from the TPP, but they did. In fact, Plaintiff specifically inquired whether the final loan modification would contain a balloon payment in addition to the monthly payments, and Defendant said no. (FAC ¶18.) Simply put, it is a breach of the contract when the final loan modification contained such a term.

Since Plaintiff has adequately stated a claim for breach of contract, Defendant's Motion as to this cause of action should be denied.

B.  Plaintiff Has Stated A Claim for Breach of Covenant of Good Faith and Fair Dealing

Every contract carries with it an implied covenant of good faith and fair dealing. *Sutherland v. Barclays American/Mortgage Corp.,* (1997) 53 Cal. App. 4th 299. A claim for breach of the implied covenant of good faith and fair dealing is based on the existence of an underlying contractual relationship, and the essence of the covenant is that neither party to the contract will do anything which would deprive the other of the benefits of the contract. *Milne Employees Ass'n v. Sun Carriers*, 960 F. 2d 1401, 1411 (9th Cir. 1991).

///

Plaintiff has alleged facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. As noted above, Plaintiff has adequately stated a breach of contract claim, a key component of which was that the terms of the modified loan would not change significantly from the terms of the TPP. (FAC ¶¶ 17, 18.) Plaintiff fulfilled his obligations by making all of the required payments under the TPP. (FAC ¶ 20.) Defendant unfairly interfered with Plaintiff's rights to receive the benefit of the modification when it impermissibly included an $89,000 balloon payment in the proposed permanent loan modification. (FAC ¶22.) Plaintiff has been harmed by Defendant's conduct because the terms of the permanent loan modification contractually obligate Plaintiff to make the balloon payment when he is 83 years old, a fact which will undoubtedly cast him into foreclosure. (FAC ¶26.)

Since Plaintiff has stated a claim for breach of the covenant of good faith and fair dealing, Defendant's Motion as to this cause of action should be denied.

### C. Plaintiff Has Stated a Claim for Promissory Estoppel

In order to overcome a motion to dismiss as to this cause of action, Plaintiff must allege the existence of "`[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" *Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 352 F. 3d 367, 381 (9th Cir. 2003), quoting *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.,* 23 Cal. 4th 305 (2000). Here, too, Plaintiff has met this standard.

Plaintiff has sufficiently pleaded the first element: Defendant promised Plaintiff that the final loan modification would not contain a balloon payment, and would not be vary substantially different from the TPP. (FAC ¶¶ 17, 18.) Defendant labors to distance itself from its promises by characterizing these promises as ambiguous. They are not. Plaintiff specifically inquired as to whether a balloon payment would be included, to which Defendant responded in the negative.

Plaintiff has also sufficiently pleaded the second element: reliance. Plaintiff relied on Defendant's promises concerning the final loan modification terms when making the payments

under the TPP. Defendant does not dispute and thus we assume concedes that Plaintiff has sufficiently pleaded this element.

Plaintiff's reliance was reasonable and foreseeable since the statements came from Defendant itself. (FAC ¶¶17, 18.) Plaintiff had a myriad of communications and discussions with representatives of Defendant concerning the loan modification. In each instance, he reasonably believed that he was speaking with a representative with authority to bind Defendant in their statements. Plaintiff did in fact rely on those promises by making payments under the TPP and continuing to forebear other obligations.

Plaintiff has been harmed by Defendant's conduct because the terms of the permanent loan modification contractually obligate Plaintiff to make the balloon payment when he is 83 years old, a fact which will undoubtedly cast him into foreclosure. (FAC ¶26.)

Since Plaintiff has stated a claim for promissory estoppel, Defendant's Motion as to this cause of action should be denied.

D. Plaintiff Has Stated a Claim for Specific Performance

In order to state a claim for specific performance, the Plaintiff must allege (1) an enforceable contract, sufficiently certain in its terms; (2) adequate consideration; (3) Plaintiff's performance, or excuse for nonperformance; (4) Defendant's breach; and (5) an inadequate remedy at law. 5 Witkin, Cal. Proc. (5th ed. 2008), Pleading, § 785, p. 203-204.

Plaintiff's FAC adequately states each of these elements. As noted above, Plaintiff has sufficiently alleged the existence of a contract, the terms of which are sufficiently certain. Plaintiff fully performed his obligations. (FAC ¶31.) Defendant breached its contract with Plaintiff by inclusion of a balloon payment in the final loan modification, the existence of which caused final loan modification to differ significantly from the TPP. (FAC ¶22.) Finally, Plaintiff has no adequate remedy at law. It is well-settled that real property is unique such that money damages cannot adequately compensate for its loss. *Glynn v. Marquette,* (1984) 152 Cal. App. 3d 277, 280. Absent a cause of action for specific performance, Plaintiff is exposed to the tangible threat of defaulting on his note and having his home cast into foreclosure.

Since Plaintiff has stated a claim for specific performance, Defendant's Motion as to this cause of action should be denied.

E. <u>Plaintiff Has Stated a Claim for Intentional Misrepresentation</u>

A claim for intentional misrepresentation requires the existence of the following: (1) a misrepresentation; (2) made with knowledge of its falsity; (3) with the intent to induce another's reliance on the misrepresentation; (4) which induces reliance; and (5) damages. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). Fraud must be pleaded with specificity. Fed. Rule. Civ. Proc. Rule 9(b).

Plaintiff's claim for intentional misrepresentation satisfies the pleading standards of the Federal Rules. The FAC is clear in its allegations. This is especially the case where, as here, Defendant discovery has yet to begin and Defendant is in possession of superior knowledge insofar as it is in possession of a detailed system of notes memorializing extensive detail concerning its communications with Plaintiff.

The FAC clearly sets forth that Defendant misrepresented the terms of the final loan modification on multiple occasions. This includes Defendant's representative, Justin Healy, who stated that Agreement would not contain a balloon payment (FAC ¶ 18). Other representatives, who are also identified by name, also confirmed that the terms of the final loan modification would not differ substantially from the TPP (FAC ¶17.)

The FAC is also clear in its allegations that Defendant made these representations with the intent of inducing Plaintiff into accepting the terms of the TPP. In fact, Defendant concealed the existence of the balloon payment when asked directly by Plaintiff if one existed. (FAC ¶ 18.) Plaintiff has been harmed by Defendant's conduct because the terms of the permanent loan modification contractually obligate Plaintiff to make the balloon payment when he is 83 years old, a fact which will undoubtedly cast him into foreclosure. (FAC ¶26.) The aforementioned allegations contain the specificity required in the Federal Rules of Civil Procedure. The FAC contains "…the who, what, when, where, and how" necessary to withstand a motion to dismiss. (Motion p.6, lines 22-24).

Finally, contrary to Defendants assertions, the TPP does not contradict the Defendant's misrepresentations. The TPP makes no mention of the balloon payment. See Decl. of Stephanie L. Spruill, Exh. A. In fact, the TPP even states that the loan modification "should not significantly change the amount of your modified mortgage payment." See Decl. of Stephanie L. Spruill, Exh. A p. 2. The TPP further establishes that Defendant concealed the existence of the balloon payment since it could have, but did not, make reference to such a potential.

Since Plaintiff has stated a claim for intentional misrepresentation, Defendant's Motion as to this cause of action should be denied.

### F. Plaintiff Has Stated a Claim for Declaratory Relief

A claim for declaratory relief operates prospectively to declare future rights. *Jolley,* at *39, quoting *Babb v. Superior Court* (1971) 3 Cal.3d 841, 848. Here, since Plaintiff's other causes of action have been adequately stated, his claim for declaratory relief is also viable.

Since Plaintiff has stated a claim for declaratory relief, Defendant's Motion as to this cause of action should be denied.

### G. Plaintiff Has Stated a Negligence Claim

In order to overcome a motion to dismiss, Plaintiff must allege each of the following: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages). *Corales v. Bennett*, 567 F. 3d 554, 572 (9th Cir. 2009).

#### 1. Defendant Owed a Duty to Plaintiff

Defendant first contends that it owed no duty to Plaintiff. This rule is not without exceptions. For example, just two months ago, the First District Court of Appeals in *Jolley* signaled a retreat from this general rule, confirming that "…the no duty rule is only a general rule…". *Jolley,* at *30.

The *Jolley* court held that the factors set forth in *Biakanja* should be analyzed when determining if there is a duty between owed by lenders to borrowers. *Jolley,* at *27. The factors are: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability

-8-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

of the harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendants conduct; and (6) the policy of preventing future harm. *Jolley*, at *27.

When balanced against these factors, it is clear that Defendant owed Plaintiff a duty of care. The transaction was intended to affect the Plaintiff as it was aimed a modifying his loan payments. Under these circumstances, it is foreseeable that Plaintiff would be harmed by Defendant's breach of its duty, especially since Plaintiff will be over 80 years old when the balloon payment comes due, casting him into certain foreclosure. There is a close nexus between the Defendant's conduct and Plaintiff's injury because it was Defendant who prepared and determined the terms of the final loan modification without negotiation or input from the Plaintiff. Finally, as is evident with the recent decisions in *Ansanelli, Jolley,* and *West,* there are substantial policy issues in preventing future harm. It is apparent that conduct such as that complained of in *Ansanelli, Jolley, West*, and this case are falling into a familiar bait-and-switch pattern. As has begun with these recent case, imposition of a duty of care between borrower and lender will serve to mitigate this future harm.

On facts similar to those in the case at bar, the *Jolley* court concluded that a duty existed by plaintiff and defendant Chase Home Finance. It should reach the same conclusion in this case. Defendant breached its duty to Plaintiff when it inserted the balloon payment clause into the final Agreement, even after it had told Plaintiff one would not be included, and assured him that the Agreement would be similar to the TPP.

Since Plaintiff has stated a claim for negligence, Defendant's Motion as to this cause of action should be denied.

**H.** **REFORMATION**

Reformation is appropriate when through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." Civil Code section 3399; see generally, 5 Witkin, Cal.

Procedure (5th ed. 2008) Pleading, § 806, pp. 221-222. "The essential purpose of reformation is to reflect the intent of the parties." *Jones v. First American Title Ins. Co.* (2003) 107 Cal. App. 4th 381, 389.

Here, Plaintiff is entitled to reform the loan modification agreement to reflect the agreed upon terms between he and the Defendant. Plaintiff never signed the final loan modification agreement because its terms varied from what had been previously represented. At a minimum, Plaintiff's claim for reformation provides an issue of triable fact whether or not the contract can be reformed to reflect the intent of the parties.

Since Plaintiff has stated a claim for reformation, Defendant's Motion as to this cause of action should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety. However, in the event the Court is inclined to grant Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend in light of recent case law decisions.

Dated: May 20, 2013   JOHNSTON | THOMAS, Attorneys at Law

By: /S/ RyanThomas
Ryan F. Thomas, Attorney for Plaintiff
DAEMEON REIYDELLE