PHILIP A. MCLEOD, CASB No. 101101
philip.mcleod@kyl.com
ALEXANDER J. CASNOCHA, CASB No. 278803
alexander.casnocha@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
JPMorgan Chase Bank, N.A. (erroneously sued as
"J.P. MORGAN CHASE BANK, N.A., a Limited Liability Company")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAEMEON REIYDELLE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>J.P. MORGAN CHASE BANK, N.A., a Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. C 12-6543 JCS<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　　　July 12, 2013<br>Time:　　　　1:30 p.m.<br>Courtroom:　G, 15th Floor |

Defendant JPMORGAN CHASE BANK, N.A ("Chase" or "Defendant") respectfully submits the following Reply in support of its Motion to Dismiss to the First Amended Complaint ("FAC") of plaintiff DAEMEON REIYDELLE ("Plaintiff").

## I. INTRODUCTION

Plaintiff's Opposition is predicated on a fundamental misunderstanding of the applicable loan modification documentation and law and is nothing more than a recitation of the allegations in the FAC. Plaintiff has entirely ignored the specific language of the trial payment plan ("TPP") which governs the facts at issue. Not only did he conveniently fail to attach the entire TPP to the FAC (specifically, the pages of the TPP containing the language which undermine his arguments), but he has also failed to address these relevant clauses in his Opposition. Plaintiff's FAC fails and accordingly Chase's Motion to Dismiss should be granted without leave to amend.

## II. ARGUMENT

### A. PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT/IMPLIED CONTRACT FAILS

Plaintiff's Opposition mischaracterizes the nature of Defendant's argument and cites to cases which are distinguishable and/or inapplicable to the facts at issue. Here, Chase has not breached any contract, as it complied with the terms of the TPP by offering Plaintiff a permanent modification, which he subsequently rejected. The TPP informed Plaintiff that only after he had completed the trial payments would the terms of a permanent modification be determined, and a subsequent permanent modification sent to Plaintiff. The TPP also warned Plaintiff that the difference between the lower trial period payments and his original mortgage payments would be added to the outstanding balance of the loan. Finally, even if Plaintiff could adequately allege that a breach of contract occurred, which he cannot, Plaintiff has not adequately alleged damages.

#### 1. The Language Of The Trial Payment Plan Undermines Plaintiff's Arguments

The TPP explicitly warned Plaintiff that any difference between the amount of the trial period payments and his regular mortgage payments would be added to the balance of his loan.

In the Frequently Asked Questions portion of the TPP, the question is posed, "When will I know if my loan can be modified permanently and how will the modified loan balance be determined?" The provided answer is instructive:

> Once we confirm that you are still eligible for a Home Affordable Modification and you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan. ***Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents.*** While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment as that is determined based on your total monthly gross income, not your loan balance.

*See* Declaration of Stephanie Spruill [Docket No. 35-1] ("Spruill Decl."), Exh. A, p. 2. Plaintiff's apparent argument is that he should be entitled to a lower monthly payment, while the duration of the loan remains unchanged, without any increase to the outstanding balance of the loan and finally, no

balloon payment. This would, in essence, be a complete write-off of the $83,072.08 balloon payment.[1] Such a result defies common sense and the terms of the TPP.

Indeed, the TPP noted that though the monthly payment may be lower, the difference between the lowered trial period payments would be added to the balance of the loan. Further, under the Additional Trial Period Plan Information and Legal Notices section, it states "You agree . . . that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents." *See* Spruill Decl., Exh. A, p. 4.

Plaintiff has ignored the key provisions of the TPP which directly contradict his allegations, and thus his claim fails.

### 2. Plaintiff's Reliance On *Jolley* is Flawed

Plaintiff's Opposition relies in part on *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 897 (2013). Plaintiff's reliance on *Jolley* is flawed. Plaintiff states that in reversing summary judgment the court concluded that "'numerous' oral assertions and suggestions made by Chase representatives to the Plaintiff that a loan modification was forthcoming and would contain certain terms created issues of triable fact as to whether Chase has potential liability for its own conduct." (Opp. at 3:23-26.) However, Plaintiff fails to acknowledge that in that case, "the frequent reassurances by [Chase representatives] that a modification was forthcoming ***induced him to rely, and as a result he 'borrowed from friends and family to finish the construction.'***" *Id.* at 897 (emphasis added.) It was for this reason that the court found that there were triable issues of fact as to whether Chase had potential liability.

Plaintiff has not, and cannot, plead a similar level of inducement or reliance. Plaintiff merely states that he "relied on Defendant's promises concerning the final loan modification terms when making the payments under the TPP." (Opp. at 5-6.) Unlike in *Jolley*, Plaintiff was not induced to borrow additional money from friends and family with the expectation of a modification. Instead, he was afforded the opportunity to make lower monthly payments which would provide him with a potential permanent modification. Further, in *Jolley*, a permanent modification was ***never*** offered to

---

[1] Plaintiff's Opposition incorrectly states that the balloon payment was $89,000 (Opp. at p. 5:7) when in fact it was $83,072.08. *See* FAC, Exh. C, p. 7.

balloon payment. This would, in essence, be a complete write-off of the $83,072.08 balloon payment.[1] Such a result defies common sense and the terms of the TPP.

Indeed, the TPP noted that though the monthly payment may be lower, the difference between the lowered trial period payments would be added to the balance of the loan. Further, under the Additional Trial Period Plan Information and Legal Notices section, it states "You agree . . . that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents." *See* Spruill Decl., Exh. A, p. 4.

Plaintiff has ignored the key provisions of the TPP which directly contradict his allegations, and thus his claim fails.

### 2. Plaintiff's Reliance On *Jolley* is Flawed

Plaintiff's Opposition relies in part on *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 897 (2013). Plaintiff's reliance on *Jolley* is flawed. Plaintiff states that in reversing summary judgment the court concluded that "'numerous' oral assertions and suggestions made by Chase representatives to the Plaintiff that a loan modification was forthcoming and would contain certain terms created issues of triable fact as to whether Chase has potential liability for its own conduct." (Opp. at 3:23-26.) However, Plaintiff fails to acknowledge that in that case, "the frequent reassurances by [Chase representatives] that a modification was forthcoming ***induced him to rely, and as a result he 'borrowed from friends and family to finish the construction.'***" *Id.* at 897 (emphasis added.) It was for this reason that the court found that there were triable issues of fact as to whether Chase had potential liability.

Plaintiff has not, and cannot, plead a similar level of inducement or reliance. Plaintiff merely states that he "relied on Defendant's promises concerning the final loan modification terms when making the payments under the TPP." (Opp. at 5-6.) Unlike in *Jolley*, Plaintiff was not induced to borrow additional money from friends and family with the expectation of a modification. Instead, he was afforded the opportunity to make lower monthly payments which would provide him with a potential permanent modification. Further, in *Jolley*, a permanent modification was ***never*** offered to

---

[1] Plaintiff's Opposition incorrectly states that the balloon payment was $89,000 (Opp. at p. 5:7) when in fact it was $83,072.08. *See* FAC, Exh. C, p. 7.

the plaintiff. Here, Plaintiff was offered a permanent modification, which he affirmatively chose not to accept.

### 3. Plaintiff's Reliance on *Ansanelli* And *West* Is Also Flawed

The Opposition also references *Ansanelli v. JPMorgan Chase Bank N.A.*, 2011 WL 1134451 (N.D. Cal. March 28, 2011) and *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780 (2013) in support of Plaintiff's theory that the trial payments alone represented the permanent modification. First, *Ansanelli* is distinguishable because in that case the plaintiffs were **never offered** a permanent modification. Additionally, unlike in *Ansanelli* where the plaintiffs were not provided with a copy of the trial payment plan, here, Plaintiff was provided with the complete TPP which clearly informed Plaintiff that only **after** he completed the trial payments would the terms of the permanent modification be disclosed and provided.

The TPP in this case was a mere agreement to later agree. A more applicable analysis of a similar situation was conducted in *Ehlert v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 118072 (S.D. Cal. Oct. 12, 2011).

In *Ehlert*, there was an alleged verbal agreement was that "plaintiffs would qualify for a loan modification if they were timely in making three trial payments." *Id.* at *9. The court there found that, "[t]his was not an agreement to modify the mortgage, but rather an agreement that defendant would qualify plaintiffs for a loan modification if plaintiffs were timely in making three trial payments." Indeed, some, if not all, of the terms of the loan modification were left for future determination: "[a]t best, plaintiffs have alleged an expectation that plaintiffs and defendant would later form a loan modification agreement." *Id.* citing *Kruse v. Bank of Am.*, 202 Cal. App. 3d 38 (1988) ("Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement . . . The [party's] hopeful expectation that a loan agreement would eventually be reached was simply that: an expectation.") Here, like in *Ehlert*, some, if not all, of the terms of the purported loan modification were left for future determination and Plaintiff understood that the terms of the permanent modification could differ from those of the TPP.

Plaintiff also misinterprets *West*. As Plaintiff correctly notes, the court's holding was that "when a borrower complies with all the terms of a TPP, and the borrower's representations

remain true and correct, the loan servicer **must offer** the borrower a permanent loan modification." *Id.* (emphasis in original.) Here, Chase has done exactly what is required under *West*, and offered Plaintiff a permanent modification, which he has chosen to reject.

### 4. Plaintiff Cannot Allege Damages

Finally, Plaintiff's breach of contract claim fails because no cognizable damages have been alleged. The only alleged damages are the reduced payments Plaintiff made under the TPP and these cannot constitute damages because Plaintiff had a preexisting duty to make payments on his loan. Plaintiff's allegations of damages arising out of the terms of the permanent modification are erroneous and inapplicable. Therefore, Plaintiff cannot establish a requisite element of his claim, and his breach of contract claim should therefore be dismissed.

### B. PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING FAILS.

The Opposition merely restates the allegations set forth in Plaintiffs FAC. Plaintiff's claim for breach of implied covenant of good faith and fair dealing fails because Plaintiff's breach of contract claim fails.

Plaintiff in one breath acknowledges that the permanent modification was only "proposed" (but never accepted) while in the other alleging that he has been harmed because of the terms of the permanent modification, which were never put into effect.

Plaintiff cannot state an implied covenant claim because he cannot demonstrate that the parties entered into a permanent modification contract. Further, he fails to acknowledge that Chase is under no obligation to modify Plaintiff's loan in the first place. *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011) (holding that a lender is under no duty to modify a loan). Plaintiff also fails to adequately allege that he has suffered any damages. Accordingly, this Court should dismiss the second claim without leave to amend.

### C. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "PROMISSORY ESTOPPEL" FAILS BECAUSE PLAINTIFF FAILS TO ESTABLISH A CLEAR PROMISE

Plaintiff erroneously states that Chase "does not dispute and thus . . . concedes that Plaintiff has sufficiently pleaded" the element of reliance in his promissory estoppel claim. In fact,

Chase stated in its Motion to Dismiss that "Plaintiff fails to allege *facts* that establish reasonable and foreseeable reliance." (Motion to Dismiss, p. 5:22-23.) Not only has Plaintiff failed to properly plead reliance, more importantly, he has failed to plead that he has been injured as a result of any purported reliance.

Here, there has been no foreclosure action or other activity on the part of Chase that could conceivably cause Plaintiff any harm. Plaintiff alleges that the "terms of the permanent loan modification contractually obligate Plaintiff to make the balloon payment when he is 83 years old, a fact which will undoubtedly cast him into foreclosure." (Opp. at 6:9-11.) However, this allegation is entirely inapplicable here as the permanent modification was never binding on Plaintiff as he chose not to accept the terms of the permanent modification. Therefore, Plaintiff's promissory estoppel claim must fail.

D. **PLAINTIFF'S CLAIM FOR SPECIFIC PERFORMANCE FAILS**

Plaintiff still has not adequately alleged a claim for specific performance. First, there is no separate cause of action for specific performance, which is instead a remedy. *Barroso v. Ocwen Loan Servicing, LLC*, 208 Cal. App. 4th 1001, 1007 (2012), citing *Wong v. Jing*, 189 Cal. App. 4th 1354, 1360, fn. 2 (2010). Second, Plaintiff seeks specific performance of a contract which has not been breached. Chase appropriately offered Plaintiff a permanent loan modification, as per the terms of the TPP, and Plaintiff chose to reject the permanent modification. As demonstrated above in Section A.1, Plaintiff's breach of contract claim fails and thus Plaintiff cannot satisfy the elements of a claim for specific performance.

E. **PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL MISREPRESENTATION**

Plaintiff has done nothing to cure the deficiencies present in his FAC as to his intentional misrepresentation claim. Not only has Plaintiff failed to meet the pleading requirements under 9(b), which was extensively discussed in Chase's Motion to Dismiss, but more importantly, Plaintiff cannot allege damages. Plaintiff again repeats his allegation that he is harmed because "the terms of the permanent loan modification contractually obligate Plaintiff to make the balloon payment when he is 83 years old, a fact which will undoubtedly cast him into foreclosure." (Opp. at 7:22-24.)

However, Plaintiff chose to reject the permanent modification and thus is **not** obligated to make any balloon payment.

Plaintiff additionally states that a Chase representative informed him that the anticipated final modification would not contain a balloon payment (Opp. at 7:15-18), but provides no facts demonstrating any causal connection to any purported damages, of which there are none. Plaintiff simply has not alleged any other basis for demonstrating that he has been damaged as a result of any purported misrepresentations. Accordingly, the Court should dismiss this claim without leave to amend.

### F. PLAINTIFF'S DECLARATORY RELIEF CLAIM IS WHOLLY DEPENDENT ON THE UNDERLYING CLAIMS AND THUS MUST FAIL

A plaintiff is not entitled to declaratory relief absent an independent, viable claim. *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); *Phipps v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 10550, at *50–51 (E.D. Cal. Jan. 27, 2011). Because Plaintiff has failed to remedy the deficiencies in his other causes of action, his claim for declaratory relief fails.

### G. PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS PLAINTIFF HAS SUFFERED NO DAMAGES

Even if Chase owed a duty to Plaintiff, as Plaintiff erroneously alleges in his Opposition, Plaintiff's negligence claim still fails because there has been no breach of duty and because Plaintiff has suffered no damages. Plaintiff's Opposition addresses only the "duty" element of his negligence claim, but fails to address any of the other requisite elements.

Plaintiff alleges that there has been a "familiar bait-and-switch pattern" in this case, as was purported to have occurred in *Ansanelli, Jolley,* and *West.* (Opp. at 9:13-14.) This allegation is without merit, as unlike in the cases named, there has been no foreclosure sale or any other activity that could remotely be considered a "bait-and-switch" that caused any harm to Plaintiff. To the contrary, after Plaintiff successfully completed the payments under the TPP, Chase properly offered Plaintiff a permanent loan modification, which he chose to reject.

Moreover, Plaintiff has suffered no damages. Plaintiff alleges that "it is foreseeable that Plaintiff would be harmed by Defendant's breach of its duty, especially since Plaintiff will be

over 80 years old when the balloon payment comes due, casting him into certain foreclosure." (Opp. at 9:7-9.) Yet, Plaintiff never entered into the permanent modification which contained the balloon payment. Instead, Plaintiff was afforded the opportunity to make lower monthly payments with the possibility of entering into a permanent modification. Plaintiff has suffered no damages whatsoever, and his negligence claim must fail.

### H. PLAINTIFF'S REFORMATION CLAIM FAILS

Plaintiff alleges that he is "entitled to reform the loan modification agreement to reflect the agreed upon terms between he and the Defendant." (Opp. at 10:4-5.) However, the TPP explicitly provided that it was **not** a permanent modification agreement and that Chase would (*in the future*), "send [Plaintiff] a modification agreement detailing the terms of the modified loan." *See* Spruill Decl, Exh. A, p. 2.

As Plaintiff rejected the permanent modification, Chase and Plaintiff never entered into a contract to permanently modify Plaintiff's loan. Plaintiff admits that he "never signed the final loan modification agreement." (Opp. at 10:5-6.) Plaintiff cannot ask the Court to create a new contract and then force Chase to enter into this new contract. Plaintiff's reformation claim must fail.

### III. CONCLUSION

Based on the foregoing, Chase respectfully requests that this Court dismiss the entire FAC with prejudice.

DATED: May 28, 2013

/s/Alexander J. Casnocha
PHILIP A. MCLEOD
ALEXANDER J. CASNOCHA
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
JPMorgan Chase Bank, N.A. (erroneously sued as "J.P. MORGAN CHASE BANK, N.A., a Limited Liability Company")